UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **HONORABLE DISCHARGED** | ) | |
| **DISABLED VETERANS OF THE USA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.  SA-12-CV-0393-XR** |
| **VS.** | ) | |
| | ) | |
| **GRIFOLS BIOMAT USA PLASMA** | ) | |
| **CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

On this date, the Court considered the status of the above-captioned case. For the reasons explained below, Plaintiff is ORDERED to notify the Court whether he consents to Magistrate Judge jurisdiction by August 20, 2012. Plaintiff is further advised that repeated failure to comply with this Court's orders may result in dismissal of his case.

**Background**

This case arises out of a dispute concerning alleged discrimination against Plaintiff by Defendant. On March 30, 2012, Plaintiff initiated a State Court Action by filing his Original Petition alleging various claims under the United States Constitution.  Defendant filed its Original Answer in State court on April 20, 2012.  Defendant removed the case to this Court on April 24, 2012 on the basis of federal question jurisdiction. (Docket No. 1). Plaintiff is currently proceeding pro se.

On June 5, 2012, the Court issued an Order and Advisory directing Plaintiff to confer with Defendant as required by Fed. R. Civ. P 26(f) and to submit a scheduling order for the Court's consideration by July 9, 2012. (Docket No. 3). The order also directed the parties to file a notification

1

with the Court by July 5, 2012 as to whether or not they consent, under 28 U.S.C. § 636(c), to Magistrate Judge jurisdiction.

In compliance with the Court's Order and Advisory, Defendant filed its notification of non-consent to trial by Magistrate Judge on June 29, 2012. (Docket No. 5). Plaintiff failed to file an advisory informing the Court whether he consented to trial by Magistrate Judge. Also in compliance with the Court's Order and Advisory, Defendant filed a Proposed Scheduling Order on July 9, 2012. (Docket No. 6). In its advisory, Defendant states: "Defendant's counsel has made numerous attempts to reach Plaintiff's listed counsel, Wilbert Coleman, regarding both a Rule 26(f) conference and this joint proposed order. However, Mr. Coleman (who is perhaps more properly considered to be a Plaintiff Pro Se) has not responded in any way. Accordingly, Defendant has no choice but to file this proposed Scheduling and Docket Control Order without Mr. Coleman's input." The Court thereafter entered the Defendant's Proposed Scheduling Order, and mailed a copy of the order to the address provided to the Court by Plaintiff. (Docket No. 7). On August 8, 2012, the Court received notice that the order was returned to the clerk's office as being non-deliverable. (Docket No. 8).

A.     **Magistrate Consent Form**

Upon consent of the parties, a full-time United States Magistrate Judge in this district may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case. 28 U.S.C. § 636(c). By statute, parties are to be advised of the availability of a Magistrate Judge to exercise such jurisdiction at the time the action is filed. As noted, on June 5, 2012, this Court issued an Order and Advisory (docket no. 4) that advised the parties of the availability of a Magistrate Judge, and ordered the parties to notify the Court whether they consent to Magistrate Judge jurisdiction within thirty days. Although the order provided the parties with appropriate

2

election forms to sign and file, Plaintiff has not filed an election form.

Pursuant to 28 U.S.C. § 636(c)(2), this Court again advises Plaintiff of the availability of a Magistrate Judge to exercise jurisdiction over this case and ORDERS Plaintiff to notify the Court whether he consents to Magistrate Judge jurisdiction by August 20, 2012. Plaintiff is free to withhold consent without adverse consequences, but he must file the appropriate election form indicating his nonconsent if that is his choice.

**B.    Plaintiff's Responsibility to Comply with Court Orders**

As noted, Plaintiff also has failed to comply with the Court's Order and Advisory requiring Plaintiff to confer with opposing counsel and submit a proposed scheduling order. "The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Gonzalez v. Trinity Marine Group, Inc., 117 F.3d 894, 898 (5th Cir. 1997) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Under some circumstances, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or to comply with any order of the court. See FED. R. CIV. P. 41(b); Link, 370 U.S. at 630 ("Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.").

The Court therefore warns Plaintiff that failure to comply with Court orders, as well as any future scheduling deadlines, may be interpreted as failure to prosecute under FED. R. CIV. P. 41. Plaintiff is further reminded that it is his responsibility to advise the United States District Clerk's

Office and the Defendant of his current address and to promptly furnish change of address when such occurs.  Failure to do so also may be interpreted as failure to prosecute and result in dismissal of the case.

### Conclusion

It is ORDERED that Plaintiff must notify the Court whether he consents to Magistrate Judge jurisdiction by **August 20, 2012.**  Plaintiff is further advised that failure to comply with the instant order may result in dismissal of his case.

It is so ORDERED.

SIGNED this 6th day of August, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE